IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHRISTOPHER LEE McDANIEL,                    3:11-CV-01070-BR

       Plaintiff,                            OPINION AND ORDER

v.

B.G.S.OO LLC d/b/a BOOMERS
SPORTS BAR & GRILL, a
Washington Limited Liability
Company; B.G.S.00 LLC d/b/a
GOLD RUSH TAVERN, a
Washington Limited Liability
Company; B.G.S.00 LLC d/b/a
GOLD RUSH RESTAURANT AND LOUNGE,
a Washington Limited
Liability Company,,

       Defendants.


**WILLIAM L. GHIORSO**
Ghiorso Law Firm
495 State Street, Suite 600
Salem, OR 97301
(503) 362-8966

      Attorneys for Plaintiff


1 - OPINION AND ORDER

**BEN SHAFTON**
Caron Colven Robison & Shafton
900 Washington Street
Suite 1000
Vancouver, WA 98660
(360) 699-3001

      Attorneys for Defendants


**BROWN, Judge.**

      This matter comes before the Court on Defendants' Motion (#27) to Vacate Judgment and Plaintiff's Amended Motion (#34) to Transfer Venue.  For the reasons that follow, the Court **GRANTS** Defendants' Motion to Vacate Judgment and **GRANTS** Plaintiff's Motion to Transfer Venue.


<u>BACKGROUND</u>

      On September 2, 2011, Plaintiff Christopher Lee McDaniel filed an action in this Court alleging claims for negligence, violation of Washington Revised Code § 66.44.200, and service of alcoholic beverages to an intoxicated individual.  Plaintiff alleged this Court had diversity jurisdiction.

      On September 21, 2011, the Court entered an Order to Show Cause in which it advised Plaintiff that it would dismiss this matter for lack of jurisdiction unless Plaintiff filed an amended complaint that established complete diversity.

      On October 3, 2011, Plaintiff filed an Amended Complaint.

      On October 11, 2011, with permission of the Court, Plaintiff

2 - OPINION AND ORDER

filed a Second Amended Complaint to address the Court's Order to Show Cause.  In his Second Amended Complaint Plaintiff asserted this Court has jurisdiction based on complete diversity and included further facts in support of his position.

On November 7, 2011, the Court entered an Order in which it advised Plaintiff that it had reviewed Plaintiff's Second Amended Complaint and concluded he had alleged sufficient facts to establish diversity jurisdiction.

On April 6, 2012, Plaintiff filed a Motion for Entry of Default.

On April 10, 2012, the Court entered an Order granting Plaintiff's Motion for Entry of Default and directing the Clerk of Court to enter default.

On March 28, 2013, the Court held a *prima facie* hearing on the issue of default judgment.  Plaintiff appeared and presented evidence in support of entry of default judgment.  Defendants did not appear.

On April 17, 2013, the Court entered a Judgment against Defendants and in favor of Plaintiff.

On February 9, 2015, Defendants filed a Motion to Vacate Judgment on the ground that this Court lacks personal jurisdiction over Defendants.

On February 26, 2015, Plaintiff filed a Motion to Change or Transfer Venue.

3 - OPINION AND ORDER

On March 2, 2015, Plaintiff filed an Amended Motion to Change or Transfer Venue.

The Court took the parties' Motions under advisement on March 26, 2015.

## DEFENDANTS' MOTION (#27) TO VACATE JUDGMENT

Defendants move to vacate the Court's April 17, 2013, Judgment against Defendants pursuant to Federal Rule of Civil Procedure 60(b)(4) on the ground that the Judgment is void because this Court lacks personal jurisdiction over Defendants. Plaintiff concedes Defendants' Motion to the extent that Plaintiff does not object to the Court vacating the Judgment. Although it is not entirely clear, it appears from Plaintiff's concession of Defendants' Motion to Vacate Default and from Plaintiff's filing of the Motion to Transfer Venue that Plaintiff also concedes this Court lacks personal jurisdiction.

Federal Rule of Civil Procedure 60(b)(4) provides The Court "may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons . . . (4) the judgment is void." Rule 60(c)(1) provides a motion for relief from judgment pursuant to Rule 60(b)(4) "must be made within a reasonable time." The Court questions whether nearly two years after the entry of judgment is a reasonable time within which a defendant may file a motion to vacate judgment. Because

4 - OPINION AND ORDER

Plaintiff concedes Defendants' Motion to Vacate Judgment, however, the Court finds under these circumstances that the time within which Defendants filed their Motion is not an issue.

In addition, the Ninth Circuit has held a defendant may raise a challenge to a court's personal jurisdiction even after the entry of a default judgment if the defendant does so in its first responsive pleading filed in the matter. *See, e.g., Am. Assoc. of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1106-07 (9th Cir. 2000); Fed. R. Civ. P. 12(b), 12(h).  Here Defendants did not file any pleadings in this matter until they filed their Motion to Vacate Judgment raising their objection to this Court's personal jurisdiction.  Defendants, therefore, did not waive their right to assert a defense of lack of personal jurisdiction.

Accordingly, the Court grants Defendants' Motion to Vacate Judgment and vacates its April 17, 2013, Judgment entered against Defendants on the ground that this Court lacks personal jurisdiction.

## PLAINTIFF'S AMENDED MOTION (#34) TO TRANSFER VENUE

In his Amended Motion to Transfer Venue Plaintiff moves to transfer this action to the Western District of Washington pursuant to 28 U.S.C. § 1406(a).

28 U.S.C. § 1406(a) provides:  "The district court of a

5 - OPINION AND ORDER

district in which is filed a case laying venue in the wrong
division or district shall dismiss, or if it be in the interest
of justice, transfer such case to any district or division in
which it could have been brought."

Both the Supreme Court and the Ninth Circuit have held "a
claim may be transferred under section 1406(a) where venue in the
transferor court is proper, but personal jurisdiction over the
defendant cannot be obtained there" as long as the transfer is in
the interest of justice. *Nelson v. Int'l Paint Co.*, 716 F.2d
640, 643 n.4 (9th Cir. 1983)(citing *Goldlawr, Inc. v. Heiman*, 369
U.S. 463, 466-67 (1962)). *See also Wickline v. United Micronesia
Dev. Ass'n, Inc.*, No. C 14-00192 SI, 2014 WL 2938713, at *9 (N.D.
Cal. June 30, 2014)("Once a Court determines that it lacks
personal jurisdiction, it may dismiss the case or, in the
interest of justice, transfer the case under 28 U.S.C.
§ 1406(a)."); *Miller v. S & S Hay Co.*, No. 1:12-CV-01796-LJO-SMS,
2013 WL 3212494, at *1 (E.D. Cal. June 24, 2013)("Title 28 U.S.C.
§ 1406(a) has been held to authorize the transfer of a case so as
to cure the lack of personal jurisdiction in the district where
the case was first brought."); *Ali v. Carnegie Inst. of Wa.*, 967
F. Supp. 2d 1367, 1391 (D. Or. 2013)("28 U.S.C. § 1406(a) may be
used to transfer actions to cure [a] lack of personal
jurisdiction.").

The parties do not dispute this matter could have been

6 - OPINION AND ORDER

brought in the Western District of Washington.  Plaintiff,
however, states in his Memorandum that he chose to "lay venue in
the Oregon Court on the belief that defendants . . . would
consent to jurisdiction as the Oregon Court, sitting in Portland,
is the most convenient forum for all parties rather than the
United States District Court for the Western District of
Washington."  Plaintiff asserts "[t]he lack of sufficient
contacts between the defendants and the State of Oregon, and
defendants' refusal to consent to the personal jurisdiction of
the Oregon Court only became apparent after the entry of
judgment, when plaintiff began executing on his judgment."

Plaintiff asserts a transfer of venue rather than dismissal
of this action is in the interest of justice because dismissal
would penalize Plaintiff and cause even further delay in this
action.

Defendants, in turn, assert a transfer of venue would not be
in the interest of justice because, according to Defendants, it
was obvious in this case that the Court lacked personal
jurisdiction over Defendants and Plaintiff filed the matter in
this Court only to avoid having to travel to Tacoma, Washington,
to litigate this action.  Defendants suggest Plaintiff's
selection of this forum was akin to forum shopping, and,
therefore, this action should be dismissed rather than
transferred.

7 - OPINION AND ORDER

As Plaintiff points out in his Reply, however, even if this Court dismisses this matter rather than transferring it, under Washington Revised Statute § 4.16.240[1] Plaintiff would have one year after this matter was dismissed to commence a new action in Washington.

The Court is troubled by Plaintiff's choice to file the matter in this Court even though he was aware of the underlying jurisdictional facts.  The Court is also troubled by Defendants' failure to appear in this matter or to challenge this Court's lack of personal jurisdiction until nearly two years after the Court entered Judgment in favor of Plaintiff.  Nevertheless, on this record and in light of Washington Revised Statute § 4.16.240, the Court concludes it would be inefficient and ineffective to dismiss this matter and it is in the interest of justice to transfer this action to the United States District Court for the Western District of Washington.

Accordingly, the Court grants Plaintiff's Amended Motion to Transfer Venue.

---

[1] Washington Revised Statute § 4.16.240 provides in pertinent part:  "If an action shall be commenced within the time prescribed therefor, and a judgment therein for the plaintiff be reversed . . ., the plaintiff . . . may commence a new action within one year after reversal."  Defendants concede in their Response to Plaintiff's Motion that Plaintiff filed this action one day before the limitations period ended.  Plaintiff, therefore, timely filed this action.

**<u>CONCLUSION</u>**

For these reasons, the Court **GRANTS** Defendants' Motion (#27) to Vacate Judgment, **GRANTS** Plaintiff's Amended Motion (#34) to Transfer Venue, and **TRANSFERS** this matter to the United States District Court for the Western District of Washington.

IT IS SO ORDERED.

DATED this 12th day of May, 2015.

/s/ Anna J. Brown

_____

ANNA J. BROWN
United States District Judge